[944 NE2d 650, 919 NYS2d 113]

Patriot Exploration, LLC, et al., Respondents, v Thompson & Knight LLP, Appellant.

Decided February 17, 2011

## APPEARANCES OF COUNSEL

*Thompson & Knight LLP*, New York City (*E. Michael Shee-han* of counsel), for appellant.

*Bernkopf Goodman, LLP* (*Peter B. McGlynn*, of the Massachusetts bar, admitted pro hac vice, of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed with costs, and defendant's motion to dismiss the complaint granted on the conditions that defendant (1) consent to deeming the filing date of the Texas action to be as of October 27, 2008, the date respondents filed this action in New York, and (2) waive any statute of limitations defense in the Texas action. The certified question should be answered in the negative.

It is apparent from the record that defendant's forum non conveniens motion was denied on the basis of Supreme Court's mistaken understanding that plaintiffs would face a statute of limitations barrier to suit in an alternative forum. In fact, plaintiffs failed to show that any such barrier exists, and in any event, the issue can be dealt with by the imposition of conditions to which defendant has consented.

The Appellate Division majority abused its discretion in finding that traditional forum non conveniens factors warranted denial of the motion (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478 [1984]). This case involves the alleged malpractice by Texas lawyers representing Alaskan clients, whose principal places of business are in Connecticut, in a transaction with Texas companies that involves land in Texas. Further, the documentary evidence is located in defendant's Texas office, as are the attorneys who allegedly committed the malpractice and most of the potential witnesses.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.